UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Zach Hillesheim,                              Case No. 16-cv-3809 (PAM/SER)

      Plaintiff,

v.

                                                 **MEMORANDUM AND ORDER**

Myron's Cards and Gifts, Inc.,

      Defendant.

_____

This matter is before the Court on Defendant Myron's Cards' Motion to Dismiss and Plaintiff Zach Hillesheim's Motion to Amend. For the reasons stated at the hearing and discussed more fully below, Myron's Cards' Motion to Dismiss is granted and Hillesheim's Motion to Amend is denied as futile.

**BACKGROUND**

Hillesheim is paralyzed below the waist and uses a wheelchair for mobility. (Compl. (Docket No. 1) ¶ 9.) Myron's Cards owns and operates a retail Hallmark store in Mankato, Minnesota. (Compl. ¶ 10.) On October 6, 2016, Hillesheim visited the Hallmark store and found it difficult to shop because excess merchandise obstructed the aisles. (Id. ¶ 12-14.) As a result, Hillesheim was deterred from visiting the Hallmark store and has been ever since. (Id. ¶ 16-17.)

On November 2, 2016, Hillesheim filed this lawsuit and alleges that Myron's Cards violated the Americans with Disabilities Act ("ADA") and the Minnesota Human

Rights Act ("MHRA") by failing to make the Hallmark store fully accessible to persons with disabilities.

Myron's Cards filed a Motion to Dismiss on November 30, 2016. Instead of responding to the Motion, Hillesheim filed an untimely Motion to Amend the Complaint three weeks after the deadline to amend as a matter of course, and one week after his response to the Motion to Dismiss was due.

**DISCUSSION**

Rule 15 of the Federal Rules of Civil Procedure allows a plaintiff to amend his complaint once as a matter of course within 21 days after service of a Rule 12(b) motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). "[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001) (citation omitted). But courts may deny leave to amend when the amended complaint could not withstand a motion to dismiss. Holloway v. Dobbs, 715 F.2d 390, 392 (8th Cir. 1983); see also Geier v. Missouri Ethics Comm'n, 715 F.3d 674, 678 (8th Cir. 2013).

Myron's Cards served Hillesheim with its Motion to Dismiss on November 30, 2016. Hillesheim could have therefore amended his complaint as a matter of course until December 21. He did not. After December 21, Hillesheim could only amend with the

opposing party's written consent or the Court's leave.  Hillesheim attempted to get the opposing party's consent, but failed.  (Docket No. 16.)  On January 12, Hillesheim filed the instant Motion to Amend the Complaint.  Hillesheim may therefore only amend his Complaint if the Court is convinced his proposed amended complaint can withstand a motion to dismiss.  It cannot.

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6).  A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  When evaluating a motion to dismiss, the Court must accept factual allegations as true, Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012), but it need not give effect to those that simply assert legal conclusions, McAdams v. McCord, 584 F.3d 1111, 1113 (8th Cir. 2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim.  Iqbal, 556 U.S. at 678.

The ADA and MHRA each prohibit disability discrimination by any person who owns or operates a place of public accommodation.  42 U.S.C. § 12182(a); accord Minn. Stat. 363A.11.  Because the MHRA parallels the ADA, it is proper to treat these two claims as co-extensive.  Fenney v. Dakota, Minnesota & E. R. Co., 327 F.3d 707, 711 n.5 (8th Cir. 2003).

A plaintiff alleging discrimination must show that they have a disability under the ADA, the defendant owns or operates a place of public accommodation, and the defendant discriminated against the plaintiff based on that disability.  See 42 U.S.C. § 12182(a); see also Amir v. St. Louis Univ., 184 F.3d 1017, 1027 (8th Cir. 1999); Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008).  The parties do not dispute that Hillesheim has a disability under the ADA and that Myron's Cards is a place of public accommodation.  The issue here is whether Myron's Cards discriminated against Hillesheim on the basis of his disability.

The ADA includes five definitions for discrimination, two of which are relevant here.  First, discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities . . .."  42 U.S.C. § 12182 (b)(2)(A)(ii).  Second, discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily available."  42 U.S.C. 12182(b)(2)(A)(iv).

In his original Complaint, Hillesheim alleges that, on a single day in October, Hillesheim encountered discrimination in the form of excess merchandise blocking the aisles in the Hallmark store.  (Compl. ¶ 30.)  But temporary objects like excess merchandise blocking a store's aisles is not an ADA violation.  See 28 C.F.R. § 36.211; see also Sharp v. Island Rest., 900 F. Supp. 2d 1114, 1126-27 (S.D. Cal. 2012).  Therefore, Hillesheim cannot prove discrimination and his original Complaint fails to state a claim upon which relief may be granted.

4

Hillesheim's proposed amended complaint merely adds two paragraphs to his previous complaint which state that, before Hillesheim's October visit, he had visited the Hallmark store at least 15 times over the last four years and that each time he visited excess merchandise obstructed the aisles. (Browne Decl. Ex. B (Docket No. 15) at 4.) But this new factual allegation does not save his meritless claims. Even taking this new allegation as true, Hillesheim continues to allege that he only encountered temporary obstructions. (Id.) Encountering temporary obstructions more often does not change the fact that temporary obstructions do not violate the ADA. Hillesheim's proposed amended complaint therefore fails state a claim upon which relief may be granted and cannot survive Myron's Cards' Motion to Dismiss.

Accordingly, **IT IS HEREBY ORDERED that:**

1. Myron's Cards Motion to Dismiss (Docket No. 7) is **GRANTED;**

2. Hillesheim's Motion to Amend (Docket No. 12) is **DENIED as futile**; and

3. Hillesheim's Complaint (Docket No. 1) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: January 26, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

5